793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANTHONY BECHARD, Plaintiff-Appellant
v.
MONTGOMERY WARD & COMPANY, INC., an Illinois Corporation;
MONTGOMERY WARD LONG TERM DISABILITY TRUST,
Defendants-Appellees.
 85-1351
 United States Court of Appeals, Sixth Circuit.
 5/23/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and JONES, Circuit Judges; and THOMAS, Senior Circuit Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 The sole issue in this ERISA disability benefits case is whether there was substantial evidence to support the Trustees' decision to deny benefits. Because we find that the Trustees' decision was adequately supported, we affirm.
 
 I.
 
 2
 Plaintiff's claims grew out of his employment with Montgomery Ward and subsequent illness. Plaintiff was first employed by Montgomery Ward on March 29, 1963 and (except for a 14-month period in 1965-66) continued in his employment there until March of 1982.
 
 
 3
 In February of 1982, plaintiff went to Florida on vacation. While in Florida he was hospitalized for several days complaining of chest pains. He then took short-term disability benefits from February 24, 1982 until June 29 of the same year. Shortly thereafter he applied for long-term disability benefits. That application was denied by defendant-appellee Montgomery Ward Long-Term Disability Trust. Bechard then filed suit in the District Court for the Eastern District of Michigan, alleging handicap discrimination (Count One), breach of contract (Count Two), and intentional infliction of emotional distress (Count Three). Counts One and Three are against Montgomery Ward and Count Two is brought solely against Montgomery Ward Long Term Disability Trust. Defendants moved for summary judgment, which was granted as to Counts Two and Three and overruled as to Count One. An order was also entered staying the proceedings and permitting immediate appeal on Counts Two and Three. However, plaintiff is only prosecuting an appeal as to the entry of summary judgment on Count Two, the breach of contract issue.[1]
 
 II.
 
 4
 Both parties agree that this claim is governed by ERISA, 29 U.S.C. Sec. 1001 et seq. In reviewing a claim for benefits under ERISA, the function of the court is to determine whether the trustees' action in denying benefits was arbitrary and capricious or unsupported by substantial evidence. Blakeman v. Mead Containers, 779 F.2d 1146 (6th Cir. 1985); Moore v. Reynolds Metals Co. Retirement Program, 740 F.2d 454 (6th Cir. 1984).
 
 
 5
 After reviewing the record we are convinced that there was substantial evidence to support the Trustees' finding of no disability. Although one of the examining physicians, Dr. Stoyka, concluded that Bechard was totally disabled, that conclusion was at odds with his findings of a slight limitation as to functional capacity and that Mr. Bechard was capable of light work. Other physicians found that Mr. Bechard's symptoms were due to 'anxiety,' that he was not disabled, and that he was capable of 'unrestricted' activity.
 
 
 6
 All of the evidence suggests that the Trustees were reasonably careful and diligent in reviewing the medical evidence. Although Bechard points to some evidence that contradicts the Trustees' findings, that is not enough to permit us to overturn their determination. Because we find substantial evidence supporting the Trustees' determination we affirm the finding of the District Court.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge of the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Thomas P. Thornton, Senior District Judge, died after entering the above order and stay. Thereafter, District Judge Robert E. DeMascio, for and on behalf of Judge Thornton, entered an amended order directing final judgment in favor of defendant Montgomery Ward Long Term Disability Trust (on Count Two)